# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SULEIMAN A. IBRAHIM** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-00101** |
| **DAVID BERNHARDT, SECRETARY U.S. DEPARTMENT OF THE INTERIOR** | **SECTION: "A" (4)** |

## ORDER

Before the Court is Defendants' **Motion for More Definite Statement (Rec doc. 26)**. The motion is not opposed. The motion was heard on the briefs.

### I. Factual Summary

Suleiman Ibrahim ("Ibrahim" or "Plaintiff"), a former engineer, with the Department of the Interior filed this lawsuit alleging that he was the victim of on-the-job discrimination, while he worked at the Bureau of Safety and Environmental Enforcement ("BSEE"). Ibrahim contends that he was retaliated against for filing an EEOC complaint. The alleged retaliation consisted of a 14-day suspension without pay that occurred on April 22, 2016.

He generally complains of discrimination based upon his national origin, Sudanese, reprisal which resulted in lower ratings on Employee Performance Appraisal Plan compared to other engineers and religious discrimination because he was denied the ability to take off on Ramadan, a fasting day. He also alleges that he was subjected to harassment and a hostile work environment by his supervisors, and that they falsified and destroyed official government personal records. He doesn't further describe the experiences that result in the harassment and hostile environment.

The defendant filed the subject motion seeking an order requiring Ibrahim to restate his complaint so that it complies with Rules 12(e) and 8(a). The defendant contends that the form of the complaints along with the administrative record extracts fail to make assertions of fact in a manner such that the Secretary is unable to frame a response.

## II. Standard of Review

Federal Rule of Civil Procedure Rule 12(e) provides for a more definite statement when the pleading at issue "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "If a pleading fails to specify the plaintiff's allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Jones v. CNT Chartis Ins. Agency, Inc.*, No. CIV 11-402 BB/GBW, 2011 WL 13291151, at *2 (D.N.M. Aug. 9, 2011), citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

The standard for evaluating a motion for more definite statement is whether the complaint "is so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Advanced Communications Technologies, Inc. v. Li*, No. 05 Civ. 4628, 2005 WL 3215222, at *3 (S.D.N.Y. Nov. 30, 2005) (citing *Bower v. Weisman*, 639 F.Supp. 532, 538 (S.D.N.Y.1986)).

When evaluating a motion for more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which provides in pertinent part, "A pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing the pleader is entitled to relief ..." Federal Rule of Civil Procedure 9(f), which should be read in conjunction with Rule 8, states that averments of time and place are material for the purpose of testing the sufficiency of a pleading; specific pleading of these averments, however, is not required.

The 12(e) motion is disfavored, in that "in view of the great liberality of F.R.Civ. P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Mitchell v. E–Z Way Towers, Inc.,* 269 F.2d 126, 132 (5th Cir.1959). See generally 5A C. Wright and A. Miller, Federal Practice and Procedure § 1377 (2nd ed.1990).

## III. Analysis

The defendant contends that Ibrahim complaints filed on January 7, 2019 do not clearly state claims but does cite to the Civil Rights Act and Age Discrimination in Employment Act. The defendant contends

that the complaint is almost entirely devoid of factual allegations, the attachments refer to retaliation but fails to state facts supporting the claim

Pursuant to Fed. R. Civ. P. Rule 8(a), Plaintiff's pleadings must contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks.

The Court notes while Ibrahim attempts to assert a claim for wrongful termination of his employment under Section III of the form, yet no facts are set forth supporting this conclusion, such as who fired him and why? See *Grohal v. Stauffer Chemical Co., Inc.*, 385 F. Supp. 1267, 1268 (N.D.Ca. 1974). Despite asserting he was fired, Ibrahim asserts in the next sub-section of the form that the defendant(s) "is/are still committing these acts against me" without explaining this seeming contradiction.

On each form Ibrahim avers that he was denied unspecified promotion(s) and that he was subjected to unequal employment which he characterized as retaliation. He generally complains of discrimination based upon his national origin, Sudanese, reprisal which resulted in lower ratings on Employee Performance Appraisal Plan compared to other engineers and religious discrimination because he was denied the ability to take off on Ramadan, a fasting day. He also alleges that he was subjected to harassment and a hostile work environment by his supervisors, and that they falsified and destroyed official government personal records. He doesn't further describe the experiences that result in the harassment and hostile environment, he fails to say who, what, where, when or how these circumstances were created.

As currently constituted, Plaintiff's pleadings are a combination of (1) check-the-box forms that although are "approved" by the Clerk of Court do not set forth specific and individualized assertions of fact, and (2) excerpts from the administrative records compiled during the processing of his numerous EEO claims, that in some but not all instances include lengthy factual narratives but which again are not set out in a format that is coherent. Although an approved form was used, '[a] pleading that offers labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Kaleena Catrice-*

*Nichole Arnold v. Sonny Perdue, Sec. of Agriculture*, CA 18-8869 (2), 2019 WL 1160589, at *2 (E.D. La. March 13, 2019) (order partially granting motion insofar as a more definite statement was sought).

Considering the complaint and its attachments, the Court finds that the plaintiff Suleiman Ibrahim, shall provide a more definite statement and in so doing shall detail the following:

1. Identifying the facts of his Title VII claim and whether they were submitted to the EEOC or handled at the administrative phase.

2. Identifying the responsible management officials and what they did that he believes constitutes discrimination.

3. The actions which he contends were discriminatory/retaliatory, or even on what basis the officials/actions treated him disparately.

4. Whether he complained about the alleged discriminatory acts and the results of the complaints made, to whom they were made and when they were made.

The Court notes that Ibrahim's attempt to just append rulings made during the administrative process is insufficient to adequately state a claim and a supplemental complaint is required to be filed not later than **fourteen (14 days)** from the signing of this order.

Accordingly,

IV. <u>Conclusion</u>

**IT IS HEREBY ORDERED** that the **Motion for a More Definite Statement (Rec. doc. 26) is GRANTED.**

**IT IS FURTHER ORDERED** that **Plaintiff** shall file an **AMENDED COMPLAINT** consistent with the instructions contained in this order no later than **fourteen days (14 days) or July 23, 2019** from the signing of this order.

New Orleans, Louisiana, this 9<u>th</u> day of July 2019.

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**