# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SULEIMAN IBRAHIM | CIVIL ACTION |
| VERSUS | NO: 19-cv-00101 |
| DAVID BERNHARDT, ACTING SECRETARY, DEPARTMENT OF THE INTERIOR | SECTION: "KWR" |

## ORDER

Before the Court is a **Motion to Strike And/ Or Dismiss (R. Doc. 33)** filed by the Defendant, David Bernhardt, Acting Secretary of the Department of the Interior ("Secretary", "Defendant", or "DOI") seeking an order, pursuant to Federal Rules of Civil Procedure 8(a), 12(b)(1), 12(f), and 41(b), dismissing Plaintiff Suleiman Ibrahim ("Ibrahim")'s Amended Complaint (R. Doc. 32). In the alternative, Defendant seeks an order form this Court striking portions of that pleading which do not comply with the above-referenced rules as well as the Court's previous orders entered on June 25, 2019 and July 10, 2019, respectively. *See* R. Docs. 30 & 32. Plaintiff Ibrahim opposes this motion. R. Doc. 38. This motion was heard on the briefs on August 28, 2019. On November 1, 2019, following the consent of the parties, this matter was referred to the undersigned United States Magistrate Judge in accordance with Title 28 U.S.C. § 636(c). R. Doc. 45.

I. **Background**

On January 7, 2019, Plaintiff Ibrahim filed a complaint in District Court alleging various claims of discriminatory conduct by the Defendant David Bernhardt, Acting Secretary of the

Department of the Interior stemming from his employment with the Bureau of Safety and Environmental Enforcement ("BSEE"). R. Doc. 1.

Generally, Ibrahim complains that BSEE treated him with unequal terms and conditions of employment, failed to promote him, terminated his employment, and retaliated against him for engaging in the protected activity of making an EEOC charge. R. Doc. 1, p. 4. Plaintiff Ibrahim is a black male, who practices Islam, and is from Sudan. *Id.* Ibrahim indicated on a checkbox form that BSEE discriminated against him on the basis of his race, color, gender/sex, religion, national origin, and age. *Id.* This action was brought pursuant to both Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), as well as the Age Discrimination in Employment Act of 1967, as codified 29 U.S.C. §§ 621 to 634 ("ADEA"). R. Doc. 1, p. 3.

This action appeals a final decision with the Equal Employment Opportunity Commission ("EEOC") as to Plaintiff's July 21, 2016 complaint of employment discrimination. R. Doc. 1-2; *Ibrahim v. Bernhardt*, EEOC Appeal No. 0120172370 (July 3, 2017). In that decision, the EEOC found that Ibrahim worked as a Petroleum Engineer at the Agency's BSEE in the Gulf of Mexico region in New Orleans, Louisiana. R. Doc. 1-2, p. 1. The EEOC also found Ibrahim filed his charge of employment discrimination against the DOI because he claimed he was subjected to hostile work environment and was discriminated against on the basis of his race (African-American), national origin (Sudanese), sex (male), religion (Muslim), color (black), and age (55), and in reprisal for his protected EEO activity. *Id.*

Specifically, the EEOC considered these charges in purview of Ibrahim's claims that he was denied training, suspended for fourteen (14) days, belittled, and excluded from meetings. *Id.* In issuing its decision, the EEOC focused on four main incidents brought to its attention in Ibrahim's formal complaint: (1) Ibrahim's performance expectations were changed causing him to

2

underperform and be denied a within grade increase in September 2016; (2) on April 22, 2016, Ibrahim was issued a proposed fourteen-day suspension without pay; (3) Ibrahim was denied religious reasonable accommodation during Ramadan; and (4) between June 11, 2016 and June 27, 2016, Ibrahim was suspended without pay for fourteen days. R. Doc. 1-2, p. 2.

Plaintiff moved to add initial claims and consolidate this action with another action he instituted against David Bernhardt, Acting Secretary, Department of the Interior. R. Docs. 12 & 28; s*ee Ibrahim v. Bernhardt*, No. 19-cv-09316 (E.D. La. filed April 12, 2019). The Court denied his motion to amend finding the amendment futile where the Court does not possess jurisdiction over the subject matter of the delinquently exhausted claims. *See* R. Doc. 30. As such, the Court did not permit Plaintiff to add the claims that Ibrahim was discriminated against on the basis of his sex (male), age, race (African-American), color (black), religion (Muslim), national origin (Sudanese), and in reprisal for prior protected EEO activity when he was subjected to a hostile work environment concerning promotional opportunities, training, religious accommodation, his work performance and appraisals, and student loan repayment program participation as discussed in Ibrahim's October 8, 2015 EEOC Complaint and against BSEE. *Ibrahim v. Bernhardt*, EEOC Appeal No. 0120180689 (July 3, 2017). *See* R. Doc. 12-1. The Court did, however, permit Plaintiff to consolidate with this claim with two additional actions he had pending against BSEE stemming from separate events and EEOC complaints. R. Doc. 19 (*Ibrahim v. Bernhardt*, 2:19-cv-09316-KWR) & R. Doc. 21 (*Ibrahim v. Bernhardt*, 2:19-cv-02201-KWR).

On May 30, 2019, the Secretary moved for a more definite statement as the complaints filed by Plaintiff were completed checkbox forms coupled with copies of administrative records extracts, none of which contained direct allegations and ultimately hindered the DOI from framing a responsive answer. R. Docs. 26 & 33-1, p. 2. The Court subsequently granted the DOI's motion

3

and ordered that Plaintiff Suleiman Ibrahim file an amended complaint and required the Plaintiff to specifically identify and detail the following:

1. facts of his Title VII claim and whether they were submitted to the EEOC or handled at the administrative phase;
2. responsible management officials and what they did that he believes constitutes discrimination;
3. the actions which he contends were discriminatory/retaliatory, or even on what basis the officials/actions treated him disparately; and
4. whether he complained about the alleged discriminatory acts and the results of the complaints made, to whom they were made and when they were made.

R. Doc. 31, p. 4.

As to this instant motion, the Secretary claims that Plaintiff has disregarded both the Court's orders and has asserted claims and theories inapt to federal sector employment discrimination claims in filing a restated fifty-three (53) page complaint;[1] that asserts twelve separate claims for relief under both federal and state anti-discrimination law, that seeks declaratory and injunctive relief, as well as compensatory, punitive, and liquidated damages that includes pre- and post- judgement interest; and necessarily incorporates the claims the Court has already disallowed Plaintiff from including. R. Doc. 33-1, p. 3. The Secretary also claims that Plaintiff's lengthy narratives, as opposed to plain factual averments, appear to be facially irrelevant to any of the claims that Ibrahim timely exhausted. *Id.* As such, the Secretary contends that Plaintiff's complaint is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to comply with Federal Rule of Civil Procedure 8. *Id.*

---

[1] Plaintiff fails to number his paragraphs as required by Federal Rule of Civil Procedure 10(b), and, as such, Defendant is required to guess at the number of paragraphs (which it approximates in 147 paragraphs) and cite its answer based upon this approximation. R. Doc. 33-1, p. 3.

Plaintiff Ibrahim opposes the motion contending that he has fully cooperated with the Court's instructions by editing and reforming his pleading in such a manner as to address Defendant's concerns. R. Doc. 38, p. 1. Specifically, Ibrahim contends that he responded to the Court's four directives. R. Doc. 38, p. 2-3. Ibrahim also states he included in the proposed pleading facts related to numerous other charges he made with the EEOC and against the Secretary to *Ibrahim v. Bernhardt*, EEOC Appeal No. 0120181334 and *Ibrahim v. Bernhardt*, EEOC Appeal No. 0120182239, as well as three other EEOC decisions. *See* R. Doc. 38, *in passim*.

## II. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 8(a) provides "[a] pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.

The purpose of Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Payton v. United States*, 550 F. App'x 194, 195 (5th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[W]hat constitutes a 'short and plain statement' for purposes of Rule 8 depends on the circumstances and the type of case." *Atwood v. Humble Oil & Refining Co.*, 243 F.2d 885, 889 (5th Cir.), *cert. denied*, 355 U.S. 829 (1957)). "The district court 'should be given great leeway in determining whether a party has complied with' the rule." *Gordon v. Green*, 602 F.2d 743, 745 (5th Cir. 1979).

A plaintiff who brings a claim *pro se* is entitled to a liberal reading of that complaint. *Payton*, 550 F. App'x at 195 (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Payton*, 550 F. App'x 194, 195 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Nevertheless, the liberal *pro se* pleading standard still demands compliance with procedural standards." *Payton*, 550 F. App'x at 195 (citing *Douglass v. United Services Auto. Ass'n*, 65 F.3d 452, 455 n. 4 (5th Cir.1995)).

Nonetheless, even where a Plaintiff's "claims of racial discrimination are conclusory and fail to cite supporting facts, his *pro se* status required the court to give him an opportunity to amend his complaint prior to dismissal." *Reece v. Countrywide Home Loans*, 250 F. App'x 91, 92 (5th Cir. 2007) (internal citations omitted) (citing *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999)).

Moreover, Rule 41(b) provides "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41. The Fifth Circuit has consistently held that Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of the requisite factors "'a clear record of delay or contumacious conduct by the plaintiff' . . ., and where lesser sanctions would not serve the best interests of justice." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982). The Fifth Circuit also considers aggravating factors to include: (1) the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay; (2) the degree of actual prejudice to the defendant; and (3) whether the delay was the result of intentional conduct. *Id.* Both requisite factors must be bolstered by at least one aggravating factor in order to support a dismissal with prejudice. *Id.*

The Fifth Circuit has cautioned most Rule 41(b) dismissals with prejudice involve egregious and outrageous delays and are reserved to "cases where the plaintiff's conduct has threatened the integrity of the judicial process, often to the prejudice of the defense, leaving the court no choice but to deny [] plaintiff its benefits." *Id.*, at 321; *see also Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) ("sanction of dismissal with prejudice is reserved for 'the most egregious circumstances'"). Of the lesser sanctions to be considered include "conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Id.*, at 321-22.

Finally, Rule 12(b)(1) requires dismissal of an action if the Court lacks jurisdiction over the subject matter of the Plaintiff's claim. Fed. R. Civ. Pro. 12(b)(1). The Fifth Circuit has held "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Raj v. Louisiana State Univ.*, 714 F.3d 322, 327 (5th Cir. 2013).

As an alternative to dismissing the action "[t]he court may also strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" pursuant to Rule 12(f). Fed. R. Civ. Pro. 12(f). The court should only strike a party's pleadings sparingly and "when the pleading to be stricken has no possible relation to the controversy." *Veranda Assocs., L.P. v. Hooper*, 496 F. App'x 455, 458 (5th Cir. 2012) (citing *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962) and *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Still, although motions to strike are generally disfavored, a Rule 12(f) motion to strike is proper when the claim is insufficient as a matter of law. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

### III. Analysis

**A. Compliance with the Federal Rules of Civil Procedure and the Court's Orders**

Defendant contends that Plaintiff has not complied with Federal Rule of Civil Procedure 8(a)'s requirement to provide a short plain statement of the facts where Plaintiff's proposed amended complaint's factual allegations are over thirty-one (31) pages in length and includes allegations of matters that occurred between October 2013 and November 2016, which this Court, according to Defendant, has already held is time barred. *See* R. Docs. 32, p. 4-35 & 30.

Plaintiff, in opposition, contends that the length of his proposed pleading is necessary to address Defendant's concern and that he excluded from his proposed complaint elements from his EEOC Complaint which the Court excluded in an order dated June 25, 2019. R. Doc. 38, p. 1; *see* R. Doc. 30; *see also Ibrahim v. Bernhardt*, EEOC Appeal No. 0120180689. Plaintiff further contends that the matters that the Court found time-barred are actually those between January 3, 2015 to March 4, 2016. *Id.*

In consideration of Rule (8)'s requirements the Court notes statements in a complaint are not plain, where they are not clear and understandable and not free of excessive embellishment and a complaint is not sufficiently short, where the averments are not simple, concise, and direct. *Atwood v. Humble Oil & Ref. Co.*, 243 F.2d 885, 888 (5th Cir. 1957). Still, the Fifth Circuit considers brevity of lesser importance than strategic choice often so long as the complaint does not stagger into the thousands of pages. *See id.* ("Brevity is certainly desirable in order that the time of court and counsel may be conserved and the cost of printing minimized. But such considerations do not rank in importance with the right and the duty of a litigant to present his demands through counsel of his own choosing and in a style and form of expression which represent the attorney's honest effort to present the claims according to his own notions of their

merits and their strong and weak points."); *see also, e.g., Gordon v. Green*, 602 F.2d 743, 745 (5th Cir. 1979) (considering an eighteen (18) volume pleading in excess of 4,000 pages not short within the meaning of Federal Rule of Civil Procedure 8(a)); *but see Jumonville v. Dep't of Treasury*, 50 F.3d 1033 (5th Cir. 1995) (unpublished) (considering dismissal with prejudice proper where district court allowed the Plaintiff multiple opportunities to amend her complaint to bring it into compliance with Rule 8, but, notwithstanding, Plaintiff's third amended complaint twenty-one (21) page pleading with forty-one (41) paragraphs still contained excess verbiage and irrelevant, repetitious, and unintelligible answers)[2].

The Court will not fault Plaintiff for including more detailed factual allegations made in response to the Court's order that granted Defendant's Motion for More Definite Statement and that specifically ordered the Plaintiff to incorporate more detail into his complaint.[3] *See* R. Doc. 31, p. 4.

Still, in the Court's June 25, 2019 Order, it considered the proposed amendments and the inclusion of factual allegations from Plaintiff's EEOC complaint styled *Ibrahim v. Bernhardt*, EEOC Appeal No. 0120180689. That EEOC charge dealt specifically with Defendant's varied conduct against Plaintiff from promotion denial, denied trainings, denied reimbursements, construing his accent as a sign of incompetency, not offering paid holiday for Ramadan in relation to Plaintiff's Islamic religious practices, forcing Plaintiff to use his lunch break and sick leave to compensate for Friday prayer and Muslim holidays, and retaliating against Plaintiff for initiating an EEOC Complaint. R. Doc. 12-2, p. 3-4. In that EEOC Complaint, Plaintiff provides various

---

[2] The Court notes it reads *Jumonville v. Dep't of Treasury*, 50 F.3d 1033 (5th Cir. 1995) without precedential value where the Fifth Circuit determined to not publish the *Jumonville* opinion. *See id.* at fn. 1; *see also* Fed. R. App. P. 47.5, *et seq*. The Court considers *Jumonville* to the extent that Defendant cited the case in its memorandum. *See* R. Doc. 33-1, p. 5.

examples of this activity detailing numerous acts that occurred between the time period from January 3, 2014 to September 25, 2015. *See id.* The Court found that the claimant failed to exhaust his administrative remedies for both claims, and, as such, did not allow Plaintiff to add the claims for they would be futile. R. Doc. 30, p. 4.

While Plaintiff contends that he has edited his pleading so to exclude elements from his previous EEOC complaints, his proposed pleading is in actually replete with these EEOC complaints' factual allegations. *See, e.g.*, R. Doc. 32 p. 5 ¶4—p. 8 ¶1, p. 8 ¶, p. 9 ¶2, p. 34, ¶2 (nonexclusive). The Court has already determined those allegations are futile in connection with his non-exhausted and untimely EEOC complaint. *See* R. Doc. 30. As such, allegations detailing those claims must be stricken from the proposed amended pleading.

Still, the Court hesitates to find that Plaintiff entirely ignored the Court's previous orders. For example, the Court stipulated that Ibrahim's attempt to append EEOC rulings made during the administrative process were insufficient to adequately state a claim, and, as such, Plaintiff has submitted a supplemental complaint pursuant to that order that provides more details of the alleged discrimination. *See* R. Doc. 31, p. 4. The Court also notes that Defendant attempts to identify the responsible officials by naming Michael Saucier, David Trocquet, Lynard Carter, and Justin Josey pursuant to the Court's Order.[4] R. Doc. 31, p. 4; *see also* R. Doc. 38, p. 2. Given his *pro se* status and that English is his second language, the Court is more inclined to believe this was an attempt, even if an inadequate one, to come into conformity with the Rule's requirements. As such, the Court considers a Rule 41(b) dismissal with prejudice inappropriate given the circumstances.

---

[4] The Court here notes, however, its struggles to find that Plaintiff (1) identified the facts of his Title VII claim and whether they were submitted to the EEOC or handled at the administrative phase and (4) whether he complained about the alleged discriminatory acts and the results of the complaints made, and, if so, to whom and when they were made. *See* R. Doc. 31, p. 4.

Notwithstanding, upon review of the proposed pleading, the Court finds many of the allegations redundant,[5] immaterial, and impertinent. The Court notes that, in this matter, *Ibrahim v. Bernhardt*, EEOC No. DOI-BSEE-16-0361, Appeal No. 0120172370; *Ibrahim v. Bernhardt*, EEOC No. DOI-BSEE-19-0023 (consolidated Civil Action No. 19-9316 (R. Doc. 1-2)); and *Ibrahim v. Bernhardt*, EEOC No. DOI-BSEE-18-0272 (consolidated Civil Action No. 19-2201 (R. Doc. 1-2)) are at issue.

These EEOC charges represent the formal charge of the following three claims. First, from February 2016 through what Plaintiff indicated as the present where Plaintiff claims was subject to a hostile work environment when (a) Plaintiff's performance expectations were changed causing him to underperform and be denied a within grade increase in September 2016, (b) on April 22, 2016 when Plaintiff was issued a proposed fourteen-day suspension without pay, (c) Plaintiff was denied religious accommodation during Ramadan, and (d) when Plaintiff was suspended without pay for fourteen days between June 11, 2016 and June 27, 2016. *See Ibrahim v. Bernhardt*, Civ. A. No. 19-101, R. Doc. 1-2, p. 2. Second, Plaintiff's October 12, 2018 termination from BSEE. *See Ibrahim v. Bernhardt*, Civ. A. No. 19-9316, R. Doc. 1-2, p. 2. Third, Plaintiff was subjected to a discriminatory hostile work environment when (a) on March 14, 2018, when Plaintiff's first-line supervisor allegedly enter his cubicle yelling, shouting, and cuffing his long sleeves, (b) on April 26, 2018 when Plaintiff was denied equal access to earned time for religious activities, (c) between February 27, 2018 and April 11, 2018 when credit for his work was granted to others, (d) on April 9, 2018 when he was admonished for leaving his office during lunch time and reordered safety glasses, and (e) from February 1, 2018 through the end of his employment when he was

---

[5] To provide an example of the pleadings redundancy, Plaintiff Ibrahim repeats multiple times that he was rated "minimally successful" by his supervisors on November 10, 2015. R. Doc. 32, p. 10 ¶3 & p. 12 ¶2.

11

ignored and isolated from all the other engineers. *See Ibrahim v. Bernhardt*, Civ. A. No. 19-2201, R. Doc. 1-2, p. 1.

Background information and facts not directly associated with these claims is not only extraneous and not necessary to Ibrahim's claims, but also, in previous Court orders, has been forbidden from inclusion in Plaintiff's pleadings. Moreover, while Plaintiff has no longer simply appended EEOC rulings, the Court grapples with finding the new proposed pleadings comes with any sort of measurable increased clarity. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) ("A complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail the Rule's standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments" (internal quotations omitted)).

As such, the Court will strike the Plaintiff Ibrahim's complaint while still providing the Plaintiff an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure and this Court's directives. *See id.* (finding that the appropriate remedy for a complaint that fails to satisfy Rule 8, an appropriate remedy is to strike the complaint and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules, but noting the charity of the court decreases where amended pleading continued to be filed without an increase in clarity); *see also Verfuerth v. Orion Energy Sys., Inc.*, 65 F. Supp. 3d 640, 652 (E.D. Wis. 2014) (determining that striking an unusually long complaint the more appropriate solution where the pleading contained over twenty pages of unnecessary background).

The Court also urges Plaintiff to comply with Federal Rule of Civil Procedure 10(b), which requires the claims presented in pleading be set forth in separately numbered paragraphs. Fed. R.

Civ. P. 10(b). This rule not only promotes clarity in Defendant's answer, but also enables the Court, upon further future review, to provide specific instruction as to which paragraphs are acceptable and which are to be precluded from proposed pleadings with greater clarity and precision.

The Court cautions Plaintiff—a litigant's *pro se* status is not an excuse for continued disregard for court procedure and compliance with the Federal Rules of Civil Procedure. As such, further failure to come into compliance with the Rules and with the Court's orders can result in a dismissal with prejudice of all of Plaintiff's claims. The Court also urges Plaintiff to follow the guidelines as set forth in its previous June 25, 2019 Order (R. Doc. 30) when crafting his supplemental complaint.

### B. Causes of Actions Under Louisiana State Law

The Court next considers Plaintiff's eighth, ninth, tenth, eleventh, and twelfth claim for relief, which all seek relief pursuant to Louisiana Employment Discrimination Law and Louisiana Equal Pay Act. R. Doc. 32, p. 44-50. Defendant contends Title VII and Age Discrimination in Employment Act of 1967 ("ADEA") is comprehensive legislation that preempts state law. R. Doc. 33-1, p. 9. Plaintiff does not address this contention beyond excluding his Louisiana state law claims from his memorandum in opposition (R. Doc. 38), which the Court notes is fashioned like yet another complaint.[6]

"Title VII provides the exclusive remedy for employment discrimination claims raised by federal employees." *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996) (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976)). As such, a federal employee's state tort claims are

---

[6] While the Court views this as a concession by the Plaintiff that his state law claims must be removed from the proposed pleading, the Court will analyze the issue regardless.

preempted by Title VII which is the exclusive and preemptive remedy for claims of discrimination by federal employees. *Hampton v. I.R.S.*, 913 F.2d 180, 182 (5th Cir. 1990).

The same is true for federal employee's complaints of age discrimination and the ADEA. *Paterson v. Weinberger*, 644 F.2d 521, 525 (5th Cir. 1981) ("the ADEA amendment was intended to provide an exclusive remedy for age discrimination" for federal employees); *see also Buckhanan v. Shinseki*, Civ. A. No. 13-278, 2013 WL 5517903, at *4 (S.D. Miss. Oct. 3, 2013) ("when a federal employee brings an action alleging violations of both federal antidiscrimination statutes and state law based on the same set of facts . . . state law claims are preempted").

Here, Plaintiff Ibrahim was, at all relevant times, an engineer with the Bureau of Safety and Environmental Enforcement under the United States Department of the Interior. As a federal employee, Ibrahim's exclusive remedy for claims of discrimination by federal employees is provided in 42 U.S.C. § 2000e-16. Accordingly, the Court will dismiss with prejudice Plaintiff's claims for relief pursuant to Louisiana Employment Discrimination Law.

**C. Demands for Punitive and Liquidated Damages and Pre-Judgment Interest**

*i. Punitive and Liquidated Damages*

Finally, the Court considers Plaintiff's demand for punitive and liquidated damages for Title VII violations and pre-judgment interest. R. Doc. 32, p. 51 ¶¶5-6. Defendant contends, with the exception of willful violations of the Equal Pay Act, remedies permitted in a federal sector Title VII preceding do not include punitive and liquidated damages. Again, Plaintiff does not

explicitly address these contentions but excludes from his prayer for relief his demands for punitive and liquidated damages, as well as the use of the phrase pre-judgment interest.[7] R. Doc. 38, p. 16.

The Civil Rights Act of 1991, which amended Title VII, expressly precludes a Title VII plaintiff from recovering punitive damages against governments, government agencies, and political subdivisions." *Logan v. Nicholson*, No. CIV.A. H-04-4178, 2006 WL 2222745, at *3 (S.D. Tex. Aug. 2, 2006). As such, a plaintiff that is a federal employee seeking damages from the government is "not statutorily entitled to recover exemplary damages on his or her Title VII claims." *Id.* (citing *Oden v. Oktibbeha Cty.*, Miss., 246 F.3d 458, 465-66 (5th Cir. 2001).

This same logic extends to an ADEA action as well as a demand for liquidated damages. *Reynolds v. Octel Commc'ns Corp.*, 924 F. Supp. 743, 747 (N.D. Tex. 1995) (holding a plaintiff cannot seeking punitive or liquidated damages against a federal employer in an ADEA action because legislative history "indicates that Congress intended for liquidated damages awarded under that statute to be punitive in nature." (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 124 (1985)).

As such, the Fifth Circuit has held federal employees are not entitled to liquidated damages in case against their government employer without mention of waiver of sovereign immunity liquidated damages in the legislation itself. *Smith v. Office of Pers. Mgmt.*, 778 F.2d 258, 263–64 (5th Cir. 1985) ("Liquidated damages are permitted only in private sector cases in which the employer's conduct is willful. Had Congress intended to allow such an extraordinary remedy in a

---

[7] While the Court views this as a concession by the Plaintiff that his demands for punitive and liquidated damages, as well as pre-judgment interest must be removed from the proposed pleading, the Court will analyze the issue regardless.

suit against the United States, certainly Congress would have expressly provided for it. We refuse to imply such a remedy in a suit against the sovereign.").

Here, Plaintiff was a federal employee who is seeking punitive and liquidated damages from the Department of the Interior, a federal government agency. The federal government has not waived immunity from suit in either Title VII or ADEA suits against it and, as such, demands for punitive and liquidated damages are barred by sovereign immunity. The Court, therefore, finds Ibrahim is neither statutorily permitted to recovery exemplary, or punitive, damages nor liquidated damages from the DOI. As such, the Court will dismiss with prejudice Plaintiff's demands for punitive and liquidated damages.

### ii. Prejudgment and Post-Judgment Interest

In addition, "[a]part from constitutional requirements, in the absence of specific provision by contract or statute, or 'express consent. . . by Congress,' interest does not run on a claim against the United States." *United States v. Louisiana*, 446 U.S. 253, 264–65, (1980) (citing *Smyth v. United States*, 302 U.S. 329, 353 (1937); *Albrecht v. United States*, 329 U.S. 599, 605 (1947); *United States v. N. Y. Rayon Importing Co.*, 329 U.S. 654, 658–59 (1947)). So, while, Title VII authorizes prejudgment interest as part of the backpay remedy in suits against private employers, in order for the Department of the Interior, Congress must waive immunity for such awards specifically. *See Loeffler v. Frank*, 486 U.S. 549, 557 (1988).[8]

Ibrahim provides no statutory basis as to an entitlement of prejudgment interest. *See St. Marks v. U.S. Dep't of the Interior*, 746 F. App'x 685, 688 (9th Cir. 2018) (pre-judgment interest

---

[8] Unlike the Postal Office, the Department of the Interior was not designed to "be run more like a business." *Id.* at 556. The Court also notes that the United States Postal Service is an independent agency of the executive branch whereas the United States Department of the Interior is a federal executive department.

is not appropriate where Plaintiff cannot identify a source of statutory authority to support the request). Still, Title VII, as amended by the Civil Rights Act of 1991, and applicable to employment by the federal government, provides "[t]he provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern civil actions brought hereunder, and the same interest to compensate for delay in payment shall be available as in cases involving nonpublic parties." 42 U.S.C.A. § 2000e-16(d) (West).

Courts have interpreted this provision to mean awards of prejudgment and post-judgment interest may be granted against the United States under Title VII. *See, e.g., Orr v. Mukasey*, 631 F. Supp. 2d 138, 157 (D.P.R. 2009) (prejudgment interest against the United States Attorney General for former U.S. Marshals Service's Title VII claims appropriate); *Arneson v. Sullivan*, 958 F. Supp. 443, 445 (E.D. Mo. 1996) ('The Civil Rights Act of 1991 amended Title VII to authorize the award of prejudgment interest in cases against the federal government."), *aff'd in part, rev'd in part sub nom. Arneson v. Callahan*, 128 F.3d 1243 (8th Cir. 1997) ("Congress amended Title VII, expressly waiving sovereign immunity from interest."); and *Reed v. Mineta*, 93 F. App'x 195, 200 (10th Cir. 2004) (summary denial of terminated Federal Aviation Administration's former employee's request for prejudgment interest in Title VII complaint was abuse of district court's discretion).

Based on the explicit language of the Civil Rights Act of 1991, as well as the decisions of these aforementioned courts, this Court does not find it appropriate to preclude Plaintiff from including in his prayer for relief a demand for prejudgment and post-judgment interest in his prayer for relief. As such, the Court denies Defendant Secretary's request to dismiss Plaintiff's prayer for prejudgment and post-judgment interest.

**IV.** **Conclusion**

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion to Strike And/ Or Dismiss (R. Doc. 33)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent the Court will (1) strike Plaintiff's Proposed Amended Complaint (R. Doc. 32), (2) dismiss with prejudice Plaintiff's Louisiana state law claims, and (3) dismiss with prejudice Plaintiff's prayer for punitive and liquidated damages.

**IT IS FURTHER ORDERED** that the motion is **DENIED** to the extent the Court (1) will <u>not</u> dismiss Plaintiff's claims in their entirety and (2) will <u>not</u> dismiss Plaintiff's prayer for prejudgment and post-judgment interest.

**IT IS FURTHER ORDERED** that **Plaintiff** shall file an **AMENDED COMPLAINT** consistent with the instructions contained in this order no later than **fourteen days (14 days)** from the signing of this order.

New Orleans, Louisiana, this 8<u>th</u> day of January 2020.

_____
**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**