UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SULEIMAN IBRAHIM** | **CIVIL ACTION** |
| **VERSUS** | **NO:   19-101**<br>**c/w 19-2201 and 19-9316** |
| **DAVID BERNHARDT, ACTING SECRETARY, DEPARTMENT OF INTERIOR** | **SECTION: "KWR"** |

### ORDER

Before the Court is a **Motion to Edit or Add Essential and Apparent Witness (R. Doc. 75)** filed by *pro se* Plaintiff, Suleiman Ibrahim ("Ibrahim"), seeking leave to add witnesses to his witness list for trial. Ibrahim also seeks an order from this Court to compel a copy of the Investigative Report completed by Robert Pavia of the Unites States Postal service, including interview transcripts and audio or video recording. This motion is opposed. R. Doc. 76. The motion was submitted to the Court on November 3, 2021 and decided on brief.

I.   **Factual and Procedural Background**

   a.   **Factual Background**

*Pro Se* Plaintiff Ibrahim is a 55-year-old, black male, who is a practicing Muslim that worked for the Bureau of Safety and Environment Enforcement ("BSEE") as a Petroleum Engineer, Offshore Operations & Safety (a/k/a "Field Engineer or "Junior Engineer") since August 2013.  BSEE-GOMR regulates offshore oil and gas production in the Gulf of Mexico, with five district offices, each of which handle the daily operation of the industry.

The Engineers were responsible for reviewing permits for oil and gas production activity, e.g., drilling new wells and modifying existing wells, etc. *Id*.  As a junior engineer, Ibrahim's primary job responsibilities were reviewing Weekly Activity Reports (WARs) and End of

Operation Reports (EORs) submitted by operators of offshore wells and providing comments regarding their compliance with certain permits. R. Doc. 68-4 p. 192; 366-372. Ibrahim was also required to fly offshore with the inspection staff once every two weeks. *Id.*

The events giving rise to Ibrahim's claims began three years into his employment in 2016 but notably he filed complaints against his managers starting in the fall 2015. The subject dispute involves multiple employment decisions which were purportedly made based on race, color, age, sex, religion, retaliation, sex, and national origin. As a result, Ibrahim has alleged the following claims against his employer: (1) National Origin, Gender, Race, Age, and Religious Discrimination; (2) Retaliation; (3) Hostile Work Environment; and (4) Retaliatory Hostile Environment.

a. **Procedural Background**

On August 3, 2021, Defendant filed a Motion to Dismiss and/or Alternatively for Summary Judgement. In support of that motion, Defendants submitted over 2,000 pages of documents to the Court. On September 24, 2021, Defendant filed a Motion to Continue the Pre-Trial Conference (R. Doc. 72). The Court granted the motion and continued the pre-trial conference and trial to a date to be determined after the Court issued its ruling on the pending Motion to Dismiss and/or Alternatively for Summary Judgement. R. Doc. 73. All other deadlines in the scheduling ordered remained the same. *Id.*

On February 3, 2022 the Court issued its order on Defendants Motion to Dismiss and/or Alternatively for Summary Judgement. R. Doc. 78. The Court granted Defendants Motion for Summary Judgment on Plaintiff's hostile work environment claim as well as, Plaintiff's age, race, gender, and religious discrimination claims. *Id.* Remaining are Plaintiff's claims of national origin discrimination and a retaliatory hostile work environment.

### b. The Subject Motion

Plaintiff filed the subject motion seeking to add six (6) witnesses to his witness list. R. Doc. 75. Ibrahim additionally requests that the Court order Robert Pavia to provide him with a copy of the Investigation Report. The motion was filed on October 15, 2021, when there was no trial date set for this matter and while Defendant's Motion for Summary Judgment was pending.

Ibrahim contends that Record Document 68-10[1], which is the Investigative Report relating to Ibrahim's claims of a hostile work environment, is more evidence of "Management's immoral conduct and practice of falsifying official U.S. government documents." *Id.* He contends that he was not informed about the investigation. Ibrahim further contends that he provided four (4) pages of documents to the investigator, but once completed the Investigative Report contained twenty-nine (29) exhibit attachments. *Id.*

Defendant opposes this motion. R. Doc. 76. Defendant contends that these additional witnesses would provide inadmissible or irrelevant evidence that should be excluded. *Id*. Additionally, Defendant contends that Ibrahim has not asserted "good cause" for the amending his witness after the deadline has passed. *Id*.

### II. Standard of Review

Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order shall not be modified except upon a showing of good cause and by leave of the district judge. The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." A district court "has broad

---

[1] Plaintiff mistakenly refers to this document as Record Document 62-10 in his Motion.

discretion to preserve the integrity and purpose of its pretrial orders which, toward the end of court efficiency, is to expedite pretrial procedure.

### III. Analysis

#### a. Add Witnesses

Plaintiff filed the subject motion seeking to add the following witnesses to his witness trial list: Janine Lewis, Robert Pavia, Rachel Crespo, Cindy Beiy, Debra William, and an unnamed BSEE Integrity Officer. (R. Doc. 75 p. 2). Ibrahim seeks to add these witnesses to testify about an investigation into his allegations regarding a hostile work environment. Ibrahim contends that the document is evidence of, "Managements immoral conduct and practice of falsifying official government documents." *Id* at p.1. He alleges that this is evidence of management falsifying documents because he was not informed of the investigation, the documents contain "copy/passed images/broke google seal", he only provided four pages yet the investigation contained twenty nine attachments, and other reasons to be addressed in trial.

Defendant opposed this motion in multiple grounds. First, defendant contends that contrary to Ibrahim's allegation, he was informed of the investigation and of their intention to use the investigation and report in this case. Next, defendant contends that the proposed witness testimony is unnecessary and inadmissible. Defendant additionally contends that the assertions in Ibrahim's motion do not constitute "good cause" for amending his witness after the deadline for submitting witness lists has passed.

Per the scheduling order all witness lists were to be submitted sixty (60) days prior to the pre-trial conference, or by August 8, 2021. R. Doc.  Plaintiff submitted his initial witness list timely, but submitted this Motion to Add Witnesses on October 15, 2021, two months after the deadline to submit his witness list. 66. *Id*. While there is no trial date currently set in this matter,

when continuing the trial date, the Court explicitly left in place all other deadlines which included the discovery deadline and the deadline to submit witness lists. Therefore, in order to grant plaintiff's request, good cause must be shown to modify the scheduling order.

In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC v. S. Trust Bank of Ala.*, NA, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

Here Ibrahim, who is *pro se*, offered no explanation for his failure to adhere to the deadline at issue, which weighs in favor of denying his request. Additionally, he does not explicitly state the importance of the testimony of the new witnesses. According to Ibrahim, his proposed witnesses are related to the investigation into his hostile work environment allegations and what he describes as immoral conduct and practice of falsifying official government documents. However, Ibrahim does not explain how his proposed witnesses will show that his supervisors engaged in a practice of falsifying official government documents. Therefore, without more information the Court finds that the level of importance does not constitute good cause to allow for the addition of witness after the discovery deadline and the deadline to submit witnesses list has passed.

Furthermore, while there is no trial date currently set, other deadlines related to discovery remain in effect, including the discovery deadline of June 18, 2021. Allowing the proposed additional witnesses will be prejudicial to Defendant as they are not able to depose the witness or conduct discovery related to their testimony due to the fact that the discovery deadline has passed. The Court acknowledges that defendant raises substantive objections regarding the admissibility of the potential witness testimony. However, the Court does not reach those arguments here as there is no good cause to allow the additional witnesses. Therefore, Plaintiff's request to add witnesses is **DENIED**.

### b. Compel Production of Record of Investigation

Ibrahim also seeks an order requiring Robert Pavia to produce a copy of the Investigation Report. Ibrahim requests that Pavia be ordered to provide him with the report and all accompanying documents from the report including court reporter transcripts and audio or video recordings from the investigation.

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). However, for a motion to compel discovery, the moving party must first propound discovery. *Acosta v. Northrop Grumman Corp.,* No. 02-3206, 2003 WL 21056878, at *1 (Knowles M.J.) (E. D. La. May 5, 2003) (finding a motion to compel premature when no discovery had been propound and when Plaintiff did not include outstanding discovery in the motion).

Here, Ibrahim is attempting to compel the production of documents and recordings, but he has not propounded any discovery requests. The discovery currently being requested is from a nonparty, therefore, to propound discovery a subpoena in accordance with Federal Rule of Civil

Procedure 45 ("Rule 45") must be issued. However, the discovery deadline expired on June 18, 2021. R. Doc. 66

Moreover, Ibrahim has access to the document being requested as it has already been filed into the record as an exhibit in Defendant's Motion for Summary Judgment. Therefore, Plaintiff request to compel production of a copy of the Record of Investigation is **DENIED**.

### IV. Conclusion

**IT IS ORDERED** that the Plaintiff's **Motion to Edit or Add Essential and Apparent Witness (R. Doc. 75)** is **DENIED.**

New Orleans, Louisiana, this 4th day of March 2022.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**